**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-80626-CV-WILLIAMS**

RONALD KNIGHT,

    Petitioner,

v.

RICKY D. DIXON,[1]

    Respondent.

_____/

## ORDER

**THIS MATTER** is before the Court on *pro se* Petitioner Ronald Knight's ("***Petitioner***") Motion to Alter or Amend Judgment. (DE 11) ("***Motion***"). Respondent filed a response in opposition to the Motion (DE 14), to which Petitioner replied (DE 17). For the reasons that follow, the Motion is denied.

On December 16, 2022, this Court issued an Order (DE 9) denying Petitioner's Request for Appointment of Supplemental Federal Counsel/Substitute Federal Counsel to Investigate and Prepare a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, which the Court construed as a Motion to Appoint Counsel. In the Motion to Appoint Counsel, Petitioner moved the Court to "appoint supplemental/substitute counsel to investigate and prepare [a] petition for writ of habeas corpus under [28 U.S.C.] Section 2254 presenting the claims of [] structural error and [] ineffective assistance of trial counsel." (DE 1 at 1.) In its Order on Petitioner's Motion to Appoint Counsel, the Court

---

[1] Petitioner has named "Secretary, Dept. of Corr." as the Respondent in the above-captioned case. (DE 1 at 1.) Ricky D. Dixon is currently the Secretary of the Florida Department of Corrections, and therefore, he is the appropriate named Respondent here. The case caption has been updated accordingly.

noted that "[t]he bulk of Petitioner's Motion focuses not on why he is entitled to the appointment of counsel, but rather on the viability of the errors he alleges warrant relief under Section 2254." (DE 9 at 2.) The Court did not find good cause to appoint new counsel to represent Petitioner. In denying Petitioner's Motion to Appoint Counsel, the Court stated,

> Petitioner has already been appointed counsel to represent him in various habeas efforts in this District. The record in Petitioner's prior Section 2254 proceeding shows that Linda McDermott has represented Petitioner ably and dutifully. Furthermore, Petitioner has already had an opportunity to raise the claims at issue in his Motion [to Appoint Counsel].

(*Id*. at 3.) The Court added that McDermott's decision not to re-raise those rejected issues was well taken, and the Court decided not to appoint new counsel for the purpose of pursuing those rejected arguments in a subsequent Section 2254 petition. (*Id.*)

In the instant Motion, Petitioner asks the Court to alter or amend its Order dismissing this case pursuant to Federal Rule of Civil Procedure 59(e) ("**Rule 59(e)**"). The only grounds for granting a Rule 59(e) motion are "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005). Further, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" *Townsend v. Gray*, 505 F. App'x

916, 917 (11th Cir. 2013) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).  In his Motion, Petitioner presents no new evidence and raises no manifest errors or law or fact that would warrant the Court's reconsideration of its prior Order (DE 9).  Instead, Petitioner appears to attempt to relitigate his claims.  Therefore, the Motion is denied.

In Petitioner's Reply (DE 18) to Respondent's Response (DE 14), Petitioner requests a certificate of appealability ("**COA**")[2] but makes no argument in support of his request for a COA.  A prisoner seeking to appeal a district court's final order denying his Section 2254 habeas corpus petition has no absolute entitlement to appeal, and to do so, must obtain a COA.  *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (first citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); then citing *Wilkinson v. Dotson*, 544 U.S. 74, 78–83 (2005)).  Petitioner initiated this action, however, solely to seek the appointment of new counsel.  Since there is no Section 2254 habeas corpus petition and, therefore, no final order denying a Section 2254 petition,[3] no COA is required; the Parties' briefing lacks any argument or case law to the contrary.  Accordingly, the request for a COA is denied.[4]

---

[2] Petitioner's Reply was docketed twice, once as a Reply in further support of Petitioner's Motion (DE 17) and subsequently as a "Motion for Certificate of Appealability" (DE 18).

[3] The case-initiating document, although initially docketed as a Section 2254 Petition (*see* DE 1), is titled, "Request for Appointment of Supplemental Federal Counsel/Substitute Federal Counsel to Investigate and Prepare a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254" and was construed as a Motion to Appoint Counsel (*see* DE 3; DE 9).

[4] In an abundance of caution, the Court notes that "[f]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (citing *Andrews v. United States*, 373 U.S. 334 (1963)).  To the extent Petitioner's Motion to Appoint Counsel re-raises previous claims decided in his original habeas petition or

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Alter or Amend Judgment (DE 11) is **DENIED**.

2. Petitioner's later-filed Motion to Alter or Amend Judgment (DE 13), which is a duplicate of DE 11, is **DENIED AS MOOT**.

3. Petitioner's Request for a Certificate of Appealability (DE 18) is **DENIED**.

4. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 22nd day of September, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

attempts to raise new claims that he alleges warrant relief under Section 2254, the motion would be a successive habeas petition that this Court does not have subject matter jurisdiction over, and Petitioner would be required to move the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the successive habeas petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). "Without such authorization, the district court lack[s] subject matter jurisdiction to consider the successive petition, and therefore [can]not issue a COA . . . ." *Id*. (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). However, the Court advises Petitioner that the dismissal of a successive habeas petition for lack of subject matter jurisdiction is not considered a final order in a habeas corpus proceeding. Consequently, a COA would be unnecessary to permit the Eleventh Circuit to review such an order of dismissal. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

Copies furnished to:

Ronald Knight, *Pro Se*
610979
Union Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Raiford, FL 32026

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com

Leslie T. Campbell
Attorney General Office
1515 N Flagler Drive
9th Floor
West Palm Beach, FL 33401-3432

Linda McDermott
Chief—Capital Habeas Unit
Office of the Federal Defender for the Northern District of Florida
227 N. Bronough St., Ste. 2400
Tallahassee, FL 32301-1300